UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON ARNOLD AND KIMBLY ARNOLD,<br><br>      Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>      Defendants. | Case No.  2:25-cv-1569-JDP (PS)<br><br>ORDER |

Byron and Kimbly Arnold ("plaintiffs") bring this action against the Department of Housing and Urban Development ("HUD") and what appear to be some of its subsidiaries. The complaint is non-compliant with Rule 8 because it is unintelligible. I will dismiss it with leave to amend so that plaintiffs may remedy this deficiency if they can.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiffs' complaint is unintelligible. They begin by claiming that their action proceeds under sections 1981 and 1331, ECF No. 1 at 3, but identify the counts against defendants as proceeding under sections 2401 and the False Claims Act, *id.* at 8. I cannot make out the factual basis of plaintiffs' claims. They appear to allege that defendants failed to credit them for payments they made, but the specifics are not stated, and I cannot discern the basis for this claim. *Id.* at 5. Plaintiffs also claim that defendants failed to investigate unspecified errors they reported, though I cannot tell whether these errors are related to payment credits or something else. *Id.* at 6. Rule 8 requires that a complaint be intelligible so that it may put the court and defendants on notice of the claims being asserted. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011).

I will dismiss the complaint with leave to amend so that plaintiffs may remedy these

deficiencies. Any amended complaint will supersede its predecessor entirely. The amended complaint should be entitled "First Amended Complaint" and be signed and verified by both plaintiffs.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiffs shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   June 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3