UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON ARNOLD, *et al.*, | Case No.  2:25-cv-1569-DAD-JDP (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | |
| Defendants. | |

On June 18, 2025, I screened plaintiffs' complaint and dismissed it for failure to state a claim. ECF No. 13. I ordered plaintiffs to file, within thirty days, either an amended complaint or a notice of voluntary dismissal of this action. *Id.* Plaintiffs failed to comply with that order. Accordingly, on August 22, 2025, I ordered plaintiffs to show cause within fourteen days why this action should not be dismissed. ECF No. 16. I notified plaintiffs that if they wished to continue with this lawsuit, they must file an amended complaint. I also warned plaintiffs that failure to comply with the August 22 order would result in a recommendation that this action be dismissed. *Id.* I subsequently granted plaintiffs' motion for an extension of time and gave them until October 15, 2025, to file an amended complaint. ECF No. 18. Notwithstanding that extension, plaintiffs have not filed an amended complaint.

1    The court has the inherent power to control its docket and may, in the exercise of that
2 power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,
3 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
4 comply with these Rules or with any order of the Court may be grounds for imposition by the
5 Court of any and all sanctions . . . within the inherent power of the Court.").
6    A court may dismiss an action based on a party's failure to prosecute an action, failure to
7 obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
8 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
9 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
10 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
11 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
12 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
13 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
14 prosecution and failure to comply with local rules).
15    In recommending that this action be dismissed for failure to comply with court orders, I
16 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
17 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
18 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
19 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).
20    Here, plaintiffs failed to respond to the order directing them to file an amended complaint
21 or notice of voluntary dismissal. *See* ECF No. 13. Therefore, the public interest in expeditious
22 resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the
23 defendant all support imposition of the sanction of dismissal. Lastly, my warning to plaintiffs
24 that failure to obey court orders will result in dismissal satisfies the "considerations of the
25 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779
26 F.2d at 1424. The August 22, 2025 order expressly warned plaintiffs that failure to comply with
27 court orders would result in dismissal. ECF No. 6. Plaintiffs had adequate warning that dismissal
28 could result from noncompliance. I therefore find that the balance of factors weighs in favor of

1  dismissal.

2  Accordingly, it is hereby RECOMMENDED that:

3  1. This action be dismissed without prejudice for failure to prosecute, failure to comply
4  with court orders, and failure to state a claim for the reasons set forth in the court's June 18, 2025
5  order. *See* ECF No. 13.

6  2. The Clerk of Court be directed to close the case.

7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
9  service of these findings and recommendations, any party may file written objections with the
10 court and serve a copy on all parties.  Any such document should be captioned "Objections to
11 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
12 within fourteen days of service of the objections.  The parties are advised that failure to file
13 objections within the specified time may waive the right to appeal the District Court's order.  *See*
14 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
15 1991).

IT IS SO ORDERED.

Dated:   November 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3